## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| NANCY CALCHI, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 22-cv-747 |
| v. | ) ) | Hon. Steven C. Seeger |
| TOPCO ASSOCIATES, LLC, | ) ) | |
| Defendant. | ) ) | |

## ORDER

This Court took another look at the jurisdictional allegations of the complaint when working on the Defendant's motion to dismiss. The punchline is that the jurisdictional allegations of the complaint are deficient. So the complaint is hereby dismissed with leave to amend.

Plaintiff Nancy Calchi sued Defendant TopCo Associates, LLC, and invoked this Court's diversity jurisdiction. That jurisdictional foothold requires this Court to pin down the citizenship of the parties.

For Plaintiff, that's relatively easy. Plaintiff is a natural person and is a citizen of New York. *See* Cplt., at ¶ 6 (Dckt. No. 1). But this case is a class action under the Class Action Fairness Act ("CAFA"), which adds a wrinkle. It means that the citizenship of the class members come into play. (More on that later.)

Defendant, on the other hand, is a limited liability company. An LLC is not the same thing as a corporation, and when it comes to jurisdiction, the difference is everything. A

corporation is a citizen where it is incorporated and where it has its principal place of business. That's not the case with an LLC.

A limited liability company is a citizen wherever its members are citizens. It makes no difference where a limited liability company is registered, or where it has its principal place of business. For an LLC, the citizenship of its members is all that matters. *See Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003); *Martin v. Living Essentials, LLC*, 653 F. App'x 482, 485 (7th Cir. 2016) ("[T]he home 'base' of a limited liability company, or LLC, is irrelevant, given that an LLC has the citizenship of each of its members."); *Thomas v. Guardmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("For diversity jurisdictional purposes, the citizenship of an LLC is the citizenship of each of its members."); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) ("[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members."); *Fellowes, Inc. v. Changzhou Xinrui Fellowes Off. Equip. Co.*, 759 F.3d 787, 787–88 (7th Cir. 2014).

It is not good enough to state that a party is *not* a citizen of State X, Y, or Z. A complaint must put its jurisdictional cards on the table, so that everyone else can see the hand. *See West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020) ("We've held repeatedly that there's no such thing as a [state name here] partnership or LLC, that only the partners' or members' citizenships matter, and that their identities and citizenships must be *revealed*.") (brackets and emphasis in original); *id.* ("We do not blithely accept assurances along the lines of 'no one on our side is a citizen of the opposing litigant's state.'"); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58–59 (7th Cir. 1996); *America's Best Inns, Inc. v. Best Inns of Abilene, LP*, 980 F.2d 1072, 1073 (7th Cir. 1992) ("[N]either of the affidavits identifies the limited partners at the time the complaint was filed. It is impossible to determine diversity of

2

citizenship without knowing who the persons in question are. And litigants instructed to specify the partners and their citizenship may not respond with a vacuous statement such as 'no partner is a citizen of Illinois.' How can anyone tell?").

The complaint alleges that Defendant TopCo Associates, LLC is "organized and existing under the laws of the state of Delaware" with "its principal place of business in Elk Grove, Illinois." *See* Cplt., at ¶ 7 (Dckt. No. 1). Up to that point, the complaint had provided no information that was jurisdictionally significant, except the fact that Defendant was a limited liability company. It doesn't matter where TopCo is organized, or where it has its principal place of business. Those facts are jurisdictionally irrelevant for an LLC.

Plaintiff then started to walk in the right direction, but didn't get very far. The complaint alleges that "TopCo LLC has 'nearly 45 member-owners' that are supermarkets, wholesalers, and distributors, including members based in Michigan, New York, California, Texas, and other states." *Id.*

At that point, the details come to a screeching halt. The complaint offers no more specifics. Granularity is missing. The complaint does not reveal who the members are, or where they are citizens. It says that the members are "based in" certain states, but that's not the same thing as citizenship. Worse yet, the complaint doesn't even pin down how many members there are. The number is "nearly 45." *Id.*

The complaint then cites TopCo's website, but that link is no substitute for concrete jurisdictional allegations. The website includes a map that does not pinpoint the location (or, more importantly, citizenship) of TopCo's members. *See* https://www.topco.com/Members. The map just shows large dots on an image of the United States without state boundaries.

3

By the look of things, several of the dots appear to be in New York, but it's hard to tell. If that's right, and if Defendant is a citizen of New York because one of its members is a citizen of New York, then there might be a jurisdictional issue. The only named Plaintiff (Nancy Calchi) is a citizen of New York, too. So, the only named Plaintiff would have the same citizenship as the Defendant. In that case, to go forward, Plaintiff would have to identify – by name – a class member who is *not* a citizen of New York.

Going back to the map, the placement of the dots doesn't necessarily dictate the citizenship of the members. They probably show the locations of businesses, not the citizenship of the members. Figuring out where the members are citizens depends on whether the members are LLCs or corporations. And then, the Court would need to undergo a jurisdictional analysis for each of *those* entities.

For example, the website says that Mitchell Grocery Corporation. is a member of TopCo Associates, LLC. If that's right, then Mitchell (and, by extension, TopCo) would be a citizen of wherever Mitchell is incorporated and has its principal place of business.

An LLC is a citizen where its members are citizens, so the citizenship of the members is what counts. But based on the complaint, there is no telling where the members are citizens. It's anyone's guess.

The complaint invokes this Court's diversity jurisdiction under the Class Action Fairness Act. *See* 28 U.S.C. § 1332(d)(2). "The CAFA permits removal of a proposed class action to federal court as long as there is minimal diversity, meaning just one member of the plaintiff class needs to be a citizen of a state different from any one defendant." *Dancel v. Groupon, Inc.*, 940 F.3d 381, 383 (7th Cir. 2019); *see also* 28 U.S.C. § 1332(d)(2)(A) (providing that district courts have "original jurisdiction of any civil action in which the matter in controversy exceeds the sum

4

or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant").

That statute eliminated the requirement of *complete* diversity, but it did not eliminate the requirement of diversity. Even under CAFA, a plaintiff must show *minimal* diversity. So, under that Act, plaintiffs from Illinois and Wisconsin could sue a defendant from Wisconsin. That's diversity, but not *complete* diversity. But Plaintiffs from Wisconsin could not sue a defendant from Wisconsin. That's not diversity at all.

CAFA lowered the jurisdictional threshold, but it did not *eliminate* the jurisdictional threshold. The need for diversity – albeit minimal diversity – still exists. And as a result, the need to pin down the citizenship of the parties still exists, too.

The Seventh Circuit has made clear that CAFA's lower jurisdictional threshold does not relieve the plaintiff of the obligation to identify the citizenship of every defendant. "In ordinary, non-class diversity cases, we have admonished parties that they cannot merely allege diversity of citizenship without identifying the parties' states of citizenship, for that is no better than a bare assertion that the defendants are citizens of another state different from the Plaintiff. *That the hurdle of minimal diversity for the CAFA is lower than the complete diversity required in most cases does not provide a basis to alter this rule, and we have applied it vigorously even in the class-action context*." *Dancel v. Groupon, Inc.*, 940 F.3d 381, 385 (7th Cir. 2019) (emphasis added) (cleaned up).

Bringing allegations based on an "astonishingly" broad class action does not dispense with the obligation to plead a sufficient foundation for jurisdiction. *Id.* In *Dancel*, the Seventh Circuit remanded the case for jurisdictional discovery even though the named plaintiff brought claims based on a class "involv[ing] claims under the laws of fifty states (and the District of

5

Columbia) relating to an insurance policy sold in at least thirty-two states." *Id.*; *see also Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 733 (7th Cir. 2021) (noting that "[t]he plaintiffs' invocation of CAFA cannot save jurisdiction" where the jurisdictional allegations "would be entirely speculative").

The complaint at hand suffers from a similar problem. The complaint alleges that the members of the class are from all 50 states. *See* Cplt., at ¶ 6 (Dckt. No. 1) ("The proposed class (identified below) includes citizens of every state within the United States."). If that's right, then there would be diversity if Defendant is a citizen of fewer than 50 states. So, if the class included members from 50 states, and if Defendant is a citizen of 49 states, there would be minimal diversity. At least one class member would be diverse from Defendant.

That conclusion, however, would require two pieces of information, both of which are missing.

First, this Court does not know the citizenship of Defendant, because it does not know who its members are, or where they are citizens, or even how many members there are. This Court cannot determine the diversity of citizenship – even for minimal diversity – without knowing Defendant's citizenship.

Second, this Court does not know who, exactly, from the putative class is diverse from the Defendant. In *Dancel*, the Seventh Circuit required the name of a specific person, and directed discovery for that purpose. *See Dancel*, 940 F.3d at 385–86 (directing the parties to "supplement[] the record . . . with affidavits demonstrating that minimal diversity existed"). "At argument, we asked Groupon whether it could supplement the record to identify a specific, diverse class member. It responded that it would need discovery and requested remand to the district court for that purpose. . . . We order a limited remand for the district court to permit

discovery to whatever extent the court deems necessary for Groupon to allege that at least one member of the putative class was a citizen of a state other than Illinois or Delaware at the time of removal." *Id.* at 386; *see also Toulon v. Cont'l Cas. Corp.*, 877 F.3d 725, 733 (7th Cir. 2017) ("When Toulon submitted her Circuit Rule 3(c)(1) docketing statement to this court, she stated that the district court had jurisdiction under CAFA because, among other reasons, 'a member of a class of plaintiffs is a citizen of a state different from defendant.' We found this statement insufficient to establish minimal diversity and ordered Toulon to identify the name and state of citizenship of at least one plaintiff whose citizenship is diverse from Continental. Toulon was unable to identify a specific class member who is a citizen of a state other than Illinois.").

This Court will require the same thing. "Once the court sounds the alarm, the litigants must be precise." *See America's Best Inns*, 980 F.2d at 1073. The Court requires the parties to supplement the record on two fronts.

First, Defendant must reveal its citizenship, by identifying each of its members with specificity and revealing *their* citizenship.

Second, Plaintiff must come forward with a declaration from someone who is in the class but from another state. So, imagine if TopCo is a citizen of 45 states. This Court would need a declaration with the name of a class member who is from one of the other five states or the District of Columbia. A gut instinct that someone must be out there isn't good enough. *See Dancel*, 940 F.3d at 386 ("This allegation of negative citizenship fails to satisfy the minimal diversity requirement.").

Defendant must put its cards on the table first. By April 7, 2023, Defendant must file a declaration that pins down its citizenship. Defendant must reveal all of its members with particularity and must reveal their citizenship. By April 28, 2023, Plaintiff must make a showing

7

about the existence of diversity jurisdiction. That showing must include, at a minimum, a declaration from a person who is in the class but who is not from a state where Defendant is a citizen. Plaintiff has leave to file an amended complaint by that deadline, too.

In the meantime, the complaint is dismissed because it is jurisdictionally deficient.

Date:   March 15, 2023

Steven C. Seeger
United States District Judge