UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NANCY CALCHI, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 22-cv-747 |
| v. ) ) | Hon. Steven C. Seeger |
| TOPCO ASSOCIATES, LLC, ) ) | |
| Defendant. ) ) | |

**MEMORANDUM OPINION AND ORDER**

District courts must stand guard over their own jurisdiction, and make sure that parties don't put cases in front of them that they lack the power to hear. Courts must keep the doors of the federal courthouse closed to cases that don't belong. But sometimes a well-intentioned sentry will refuse entry to someone who does, in fact, belong, which leads to a second knock and a second look. This case is a good example.

Two months ago, this Court dismissed Plaintiff Nancy Calchi's complaint with leave to amend for failing to sufficiently allege a basis for subject matter jurisdiction. *See* 3/15/23 Order (Dckt. No. 43). Calchi sued Defendant TopCo Associates, LLC, a limited liability company, and invoked this Court's diversity jurisdiction. But the complaint did not list each of TopCo's members and reveal their citizenship.

That omission seemed problematic. In a typical case, the citizenship of the members is what counts when it comes to the citizenship of a limited liability company. Most of the time, a court can't tell where an LLC is a citizen without knowing where its members are citizens.

So the Court dismissed the complaint and ordered the parties to provide more information on jurisdiction. This Court took that proactive step because courts have a duty to police the boundaries of their own jurisdiction. Courts must ensure that they do not overstep the line, and exercise power when they have none.

The parties later filed a document that they dubbed a joint response and motion for reconsideration. *See* Joint Mtn., at 1 (Dckt. No. 44). The parties pointed out that Calchi brought her claim under the Class Action Fairness Act ("CAFA"). And CAFA cases have their own set of jurisdictional rules.

The CAFA uses a different measuring stick for the citizenship of a limited liability company than the more common statutory provision that governs diversity jurisdiction in non-CAFA cases. *See* 28 U.S.C. § 1332(d)(10); 28 U.S.C. § 1332(c)(1). Under the CAFA, an LLC is a citizen of the state where it is organized and the state where it has its principal place of business, not the state(s) where each of its members is a citizen.

The punchline is that the Court agrees with the parties. This is a CAFA case, so TopCo's citizenship depends on its state of organization and the state of its principal place of business. The Court issues this Opinion to pin down the existence of subject matter jurisdiction, and answer the question that this Court posed at the beginning of this jurisdictional detour.

## Background

This case is about non-drowsy cold medicine that allegedly made people drowsy. In August 2021, Plaintiff Nancy Calchi bought a bottle of TopCare Non-Drowsy Tussin CF Multi-Symptom Cold Medication. *See* Cplt., at ¶ 26 (Dckt. No. 1). "The package said 'Non-Drowsy' . . . prominently on the label, and she read and relied on those statements when purchasing the product." *Id.*

Calchi alleges that she "took the medication as directed" but "became unexpectedly drowsy." *Id.* So, she sued the medicine's manufacturer, Defendant TopCo Associates, LLC, for a violation of state consumer-protection laws, breach of express warranty, a violation of the Magnuson-Moss Warranty Act, and intentional misrepresentation. *Id.* at ¶¶ 37–85.

Calchi believes that she is not the only purchaser of the TopCare cold medicine who was duped. So, she brings this case as a class action, hoping to represent "all persons who purchased a Non-Drowsy TopCare Product in the United States during the applicable statute of limitations." *Id.* at ¶ 27.[1] She also seeks to represent a subclass of consumers "who live in certain identified states" and, in the alternative, who live in New York. *Id.* at ¶¶ 28–29.

Calchi's complaint invoked the Court's diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). *Id.* at ¶ 8. The complaint then provided information about the citizenship of the parties.

Specifically, the complaint alleged that Calchi is a citizen of New York. *Id.* at ¶ 6. It also alleged that "Defendant TopCo Associates, LLC is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business in Elk Grove, Illinois, and has been doing business in the State of Illinois during all relevant times." *Id.* at ¶ 7. The complaint stated that "TopCo LLC has 'nearly 45 member-owners' that are supermarkets, wholesalers, and distributors, including members based in Michigan, New York, California, Texas, and other states." *Id.*

---

[1] As an aside, maybe that definition should be "all *drowsy* persons"? It's hard to see how a person could have suffered an injury if he or she didn't feel drowsy after taking the medicine (or if they didn't care if they did). On a related note, one wonders how a jury could determine on a class-wide basis whether specific class members felt drowsy, and if they did, whether the cold medicine was the culprit. (That's a question, not a ruling.) How do you determine on a class-wide basis why individual class members felt sleepy? Was it the cold medicine? Or a bad movie? Or Thanksgiving dinner?

TopCo, in turn, moved to dismiss for failure to state a claim. *See* Def.'s Mtn. to Dismiss (Dckt. No. 16). When working on the motion to dismiss, this Court took another look at the complaint's jurisdictional allegations. *See* 3/15/23 Order (Dckt. No. 43).

Based on a preliminary look, the Court determined that the complaint's jurisdictional allegations left something to be desired. *Id.* at 1. So, it dismissed Calchi's complaint with leave to amend. *Id.*

The Court's Order focused on the jurisdictional allegations about TopCo, a limited liability company. "An LLC is not the same thing as a corporation, and when it comes to jurisdiction, the difference is everything. A corporation is a citizen where it is incorporated and where it has its principal place of business. That's not the case with an LLC. A limited liability company is a citizen wherever its members are citizens." *Id.* at 1–2.

Calchi's complaint included allegations about where TopCo is organized and where it has its principal place of business. *Id.* at 3. That is, it seemingly provided the citizenship allegations for a corporation, not an LLC.

The complaint did provide a few details about TopCo's members, "but didn't get very far." *Id.* The complaint alleged that "TopCo LLC has 'nearly 45 member-owners' that are supermarkets, wholesalers, and distributors, including members based in Michigan, New York, California, Texas, and other states." *See* Cplt., at ¶ 7 (Dckt. No. 1). But after that, "the details [came] to a screeching halt." *See* 3/15/23 Order, at 3 (Dckt. No. 43). "The complaint does not reveal who the members are, or where they are citizens." *Id.* Without more detail, this Court believed that it could not determine TopCo's citizenship as an LLC. *Id.* at 3–4.

This Court did flag the fact that Calchi brought a claim under the Class Action Fairness Act. The CAFA's jurisdictional requirements "add[ed] a wrinkle" to the case. *Id.* at 1. "The

4

CAFA permits removal of a proposed class action to federal court as long as there is minimal diversity, meaning just one member of the plaintiff class needs to be a citizen of a state different from any one defendant." *Id.* at 4 (quoting *Dancel v. Groupon, Inc.*, 940 F.3d 381, 383 (7th Cir. 2019)). So, the CAFA "eliminated the requirement of *complete* diversity, but it did not eliminate the requirement of diversity." *Id.* at 5 (emphasis in original).

Even under the CAFA's lower jurisdictional threshold, the Court found the complaint lacking. This Court thought that it lacked information to figure out TopCo's citizenship, because it didn't know the citizenship of the members. And without knowing TopCo's citizenship, the Court could not determine if there was diversity – even *minimal* diversity.

So, the Court required the parties to provide two pieces of information. *Id.* at 6. "First, this Court does not know the citizenship of Defendant, because it does not know who its members are, or where they are citizens, or even how many members there are. This Court cannot determine the diversity of citizenship – even for minimal diversity – without knowing Defendant's citizenship." *Id.*

"Second, this Court does not know who, exactly, from the putative class is diverse from the Defendant." *Id.* Maybe Calchi – as a citizen of New York – was diverse from Defendant. But maybe not. The Court could not determine if minimal diversity existed without knowing TopCo's citizenship.

After the Court dismissed the complaint and requested additional information, the parties filed a "Joint Response to Court's Order on Jurisdiction / Motion for Reconsideration." *See* Joint Mtn., at 1 (Dckt. No. 44). The parties expressed the view that the complaint did, in fact, contain enough information to establish the existence of diversity jurisdiction. "Although[] an LLC's

5

citizenship is the citizenship of its members for purposes of diversity jurisdiction, this rule does not apply to jurisdiction under CAFA." *Id.* at 2 (citation omitted).

The parties pointed to one of the CAFA's jurisdictional provisions, which defines the citizenship of an "unincorporated association." The statute provides: "[f]or purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." *See* 28 U.S.C. § 1332(d)(10).

As the parties see it, this provision means that "[f]or the purpose of determining citizenship under CAFA, limited liability companies and other business entities are treated as corporations." *See* Joint Mtn., at 2 (Dckt. No. 44). If so, then the complaint's jurisdictional allegations – which alleged TopCo's states of organization and principal place of business – included enough information after all. *Id.*

After filing the joint motion, Calchi filed a first amended complaint. *See* First Am. Cplt. (Dckt. No. 47). The amended complaint expressly cites section 1332(d)(10), meaning the section of the Class Action Fairness Act that defines the citizenship of unincorporated associations. The amended complaint alleges that "Defendant is an unincorporated association (an LLC) and therefore is a citizen of the state where it has its principal place of business (Illinois) and the State under whose laws it is organized (Delaware)." *Id.* at ¶ 8.

In the meantime, this Court noted that the parties' joint filing was labeled a "response/motion," which "isn't a thing." *See* 5/1/23 Order (Dckt. No. 48). "A filing is either one or the other." *Id.* So, the Court denied the joint motion without prejudice "[t]o the extent that [the] filing is a motion." *Id.* But the Court stated that it would "consider the statements in the filing about the jurisdictional requirements under CAFA." *Id.*

6

**Analysis**

After reviewing the CAFA's jurisdictional requirements, the Court agrees with the parties that Calchi has sufficiently alleged a basis for diversity jurisdiction. To understand why, it's helpful to review the standards for measuring citizenship for diversity jurisdiction.

As the Court detailed in its Order dismissing the complaint, an LLC ordinarily is treated like a partnership for purposes of determining citizenship. But strictly speaking, that rule is not expressly stated in the statute that creates diversity jurisdiction.

Instead, the diversity jurisdiction statute defines the citizenship of a "corporation." *See* 28 U.S.C. § 1332(c)(1). Subject to a few exceptions for insurance companies not relevant here, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Id.* And the Supreme Court has held that "principal place of business" refers "to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

So, corporations are often dual citizens. They take the citizenship of their state of incorporation and the state where they have their principal place of business.

Despite stating how to determine the citizenship of a corporation, the diversity statute does not say how to determine the citizenship of an LLC. And an LLC is not a corporation. *See CML V, LLC v. Bax*, 28 A.3d 1037, 1043 (Del. 2011) ("Ultimately, LLCs and corporations are different; investors can choose to invest in an LLC, which offers one bundle of rights, or in a corporation, which offers an entirely separate bundle of rights."). After all, the fact that an LLC *isn't* a corporation is the whole point of an LLC.

7

The Seventh Circuit confronted this jurisdictional hole a few decades ago. The Court of Appeals concluded that "the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). That ruling took a page from the Supreme Court's decision in *Carden v. Arkoma Associates*, 494 U.S. 185 (1990), which pinned down the citizenship of partnerships.

So, most of the time, the citizenship of an LLC does not turn on where it is organized and where it has its principal place of business. Instead, an LLC typically has the citizenship of each of its members. *See Cosgrove*, 150 F.3d at 731.

As a practical matter, that rule can pose a challenge to establishing diversity jurisdiction. Unlike a corporation, which is a citizen of one or two states, an LLC can be a citizen of lots of states. It all depends on how many members it has, and where they are citizens. *See Qin v. Deslongchamps*, 31 F.4th 576, 579 (7th Cir. 2022) ("So, in contrast to a corporation, which is a citizen of its state of incorporation and the state where it maintains its principal place of business (two states at most), an LLC can be a citizen of many states.") (citation omitted).

For that reason, the Seventh Circuit keeps a watchful eye on the citizenship of LLCs, and requires district courts to stand guard, too. "[W]henever there is an unconventional party (that is, someone or something other than either a natural person suing in his own rather than a representative capacity, or a business corporation) a jurisdictional warning flag should go up." *See Cosgrove*, 150 F.3d at 731. Courts need to make sure that the litigants have tracked down all of the LLC's members, and then pin down their citizenship. And "[o]nce the court sounds the alarm, the litigants must be precise." *See America's Best Inns, Inc v. Best Inns of Abilene, LP*, 980 F.2d 1072, 1073 (7th Cir. 1992).

Since *Cosgrove*, the Seventh Circuit has poured a truckload of cement around that bedrock rule. Time and again, the Seventh Circuit has reminded litigants than an LLC is treated like a partnership when determining its citizenship. *See Qin*, 31 F.4th at 579; *Milwaukee Ctr. for Indep., Inc. v. Milwaukee Health Care, LLC*, 929 F.3d 489, 490 n.1 (7th Cir. 2019); *RTP LLC v. ORIX Real Est. Cap., Inc.*, 827 F.3d 689, 691 (7th Cir. 2016) ("Both RTP and Inheritance are limited liability companies, which have the citizenships of their members."); *Martin v. Living Essentials, LLC*, 653 F. App'x 482, 485 (7th Cir. 2016) ("[T]he home 'base' of a limited liability company, or LLC, is irrelevant, given that an LLC has the citizenship of each of its members."); *Fellowes, Inc. v. Changzhou Xinrui Fellowes Off. Equip. Co.*, 759 F.3d 787, 787–88 (7th Cir. 2014); *Franke v. Cana Invs., LLC*, 333 F. App'x 106, 107 (7th Cir. 2009) (noting that the defendant "is a limited liability company, so it is essential to know all of its members and the citizenship(s) of each"); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("For diversity jurisdictional purposes, the citizenship of an LLC is the citizenship of each of its members."); *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."); *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003) ("Counsel and the magistrate judge assumed that a limited liability company is treated like a corporation and thus is a citizen of its state of organization and its principal place of business. That is not right. Unincorporated enterprises are analogized to partnerships, which take the citizenship of every general and limited partner."); *Hart v. Terminex Int'l*, 336 F.3d 541, 544 (7th Cir. 2003). The sentries have their marching orders.

Sometimes the members of an LLC are themselves LLCs. In that case, district courts must continue to drill down until they hit jurisdictional bedrock (meaning a corporation or a

9

natural person). That is, citizenship "must be traced through however many layers of partners or members there may be. Failure to go through all the layers can result in dismissal for want of jurisdiction." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (citation omitted); *see also West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020) ("[I]f any partner is itself a partnership or limited liability company, then the identity of each member of each of these entities must be traced until we reach a corporation or natural person."); *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004) (stating that the citizenship of an LLC "need[s] to be traced through multiple levels if any of its members is itself a partnership or LLC").

But in the CAFA, Congress chose a different rule and picked a different jurisdictional yardstick. Unlike the statutory provision for a typical diversity case, which does not specify how to determine the citizenship of an LLC, Congress did define the jurisdictional ground rules with greater specificity in the CAFA. *See* 28 U.S.C. § 1332(c).

Under the CAFA, "*an unincorporated association* shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." *Id.* § 1332(d)(10) (emphasis added). So, under the CAFA, the citizenship of an unincorporated association is roughly the same as the citizenship of a corporation. It is a citizen in its state of organization (instead of incorporation), and the state where it has its principal place of business.

Courts have widely held that an LLC is an "unincorporated association" within the meaning of section 1332(d)(10). *See, e.g.*, *Ferrell v. Express Check Advance of S.C. LLC*, 591 F.3d 698, 699–700 (4th Cir. 2010) ("In this appeal, we hold that, for purposes of determining subject matter jurisdiction under the Class Action Fairness Act of 2005 ('CAFA'), a limited liability company is an 'unincorporated association' as that term is used in 28 U.S.C.

§ 1332(d)(10) and therefore is a citizen of the State under whose laws it is organized and the State where it has its principal place of business.") (citation omitted); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237 n.1 (10th Cir. 2015) ("Under CAFA, suits brought by 'unincorporated association[s]' are treated like suits by corporations in that the citizenship of the association for diversity purposes is determined by its state of organization and principal place of business, not by the citizenship of its members.") (alteration in original) (quoting 28 U.S.C. § 1332(d)(10)); *Jack v. Ring LLC*, 553 F. Supp. 3d 711, 714–15 (N.D. Cal. 2021) (Gilliam, J.); *Kim v. Trulia, LLC*, 2021 WL 8743946, at *3 (E.D.N.Y. 2021) (Irizarry, J.) ("The Second Circuit has not provided guidance as to a limited liability company's citizenship for purposes of CAFA jurisdiction. . . . The Court adopts the reasoning of the Tenth and Fourth Circuits and finds that Defendant is an unincorporated association under 28 U.S.C. § 1332(d)(10)."); *Claridge v. N. Am. Power & Gas, LLC*, 2015 WL 5155934, at *2 (S.D.N.Y. 2015) (Castel, J.) ("This Court concludes that as an LLC, North American is an unincorporated association, and its citizenship in a CAFA action is determined pursuant to section 1332(d)(10)."); *Heckemeyer v. NRT Mo., LLC*, 2013 WL 2250429, at *5–6 (E.D. Mo. 2013) (Fleissig, J.).

District courts within the Seventh Circuit have joined the herd. *See, e.g.*, *Lewis v. LoanDepot.com, LLC*, 2021 WL 5038779, at *2 & n.1 (N.D. Ill. 2021) (Alonso, J.); *EBCF Enters., Inc. v. Erie Ins. Exch.*, 572 F. Supp. 3d 489, 493 n.1 (N.D. Ill. 2021) (Alonso, J.); *Aliano v. Louisville Distilling Co., LLC*, 115 F. Supp. 3d 921, 927 n.3 (N.D. Ill. 2015) (Aspen, J.); *Bond v. Veolia Water Indianapolis, LLC*, 571 F. Supp. 2d 905, 909 (S.D. Ind. 2008) (Hamilton, C.J.); *Hostetler v. Johnson Controls, Inc.*, 2016 WL 3662263, at *16 n.17 (N.D. Ind. 2016) (DeGuilio, J.) ("Unlike under the general diversity jurisdiction statute, a limited liability company is a citizen of the State where it has its principal place of business and the State under whose laws it

11

is organized for purposes of the Class Action Fairness Act."); *Irwin v. Jimmy John's Franchise, LLC*, 175 F. Supp. 3d 1064, 1068 n.2 (C.D. Ill. 2016) (Baker, J.); *Hamilton v. 3D Idapro Sols., LLC*, 2018 WL 5342695, at *1 (W.D. Wis. 2018) (Peterson, J.); *Rangel v. Patrick Cudahy, LLC*, 2014 WL 6871145, at *2 (E.D. Wis. 2014) (Randa, J.); *Kelmer v. DFS Servs. LLC*, 2010 WL 522683, at *1 (S.D. Ill. 2010) (Murphy, J.); *Havron v. AT&T, Inc.*, 2009 WL 5030760, at *2 n.2 (S.D. Ill. 2010) (Murphy, J.) ("The provision of the CAFA dealing with the citizenship of unincorporated associations, such as LLCs, is a legislative repeal, of course, of the familiar federal common-law rule that the citizenship of an unincorporated association for diversity purposes is the citizenship of each of the association's members."); *Kurth v. Arcelormittal USA, Inc.*, 2009 WL 3346588, at *7 n.2 (N.D. Ind. 2009) (Miller, C.J.).

Notably, Judge Hamilton addressed this issue (at the district court level) in *Bond v. Veolia Water Indianapolis, LLC*, 571 F. Supp. 2d 905 (S.D. Ind. 2008) (Hamilton, C.J.). Like the other courts to consider the issue, Judge Hamilton held that an LLC is an unincorporated association under the CAFA. *See Bond*, 571 F. Supp. 2d at 909 ("The court concludes that § 1332(d)(10) applies to Veolia Indianapolis, so that its citizenship must be determined as if it were a corporation, making it a citizen of the state under whose laws it is organized and of the state where its principal place of business is located.").

Judge Hamilton reasoned that "Congress and the courts recognized that state law treated a wide range of unincorporated associations as juridical entities for purposes of state law, including limited liability companies. In enacting subsection (d)(10) as part of CAFA, Congress directed the courts to treat all such entities like corporations for purposes of CAFA jurisdictional issues. It is difficult to think of language that could have expressed that intention any more clearly . . . ." *Id.* at 912.

12

Finding that an LLC is an unincorporated association under the CAFA also fits with the Seventh Circuit's language on the citizenship of LLCs. For example, in *Belleville Catering*, the Seventh Circuit reiterated the typical rule that the citizenship of an LLC is the citizenship of each of its members. *See Belleville Catering*, 350 F.3d at 692. In doing so, it stated broadly that "*[u]nincorporated enterprises* are analogized to partnerships, which take the citizenship of every general and limited partner." *Id.* (emphasis added). And because an LLC was an "unincorporated enterprise," it was treated like a partnership for citizenship purposes.

So, if an LLC is an "unincorporated enterprise," then it is not much of a stretch to conclude that it is an "unincorporated association." That's exactly what an LLC is. It is an association of members, and it is not incorporated.

The Seventh Circuit has not squarely addressed the issue. And, truth be told, a few cases from the Seventh Circuit seem difficult to square with the CAFA's requirement about the citizenship of unincorporated associations. Recent cases show that the Seventh Circuit may be continuing to apply ordinary rules in the LLC context. But in these cases, the Seventh Circuit has not discussed section 1332(d)(10).

Without squarely addressing the question, one Seventh Circuit decision determined an LLC's citizenship under the CAFA using the citizenship of its members. *See Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1151 n.1 (7th Cir. 2020). In *Fox*, a plaintiff sued an LLC who then removed the case to federal court under the CAFA. *Id.* at 1150 ("Dakkota removed the suit to federal court under CAFA . . . .").

On appeal, the Seventh Circuit assured itself that it had subject-matter jurisdiction under the CAFA by looking to the LLC's members. In a footnote, the court stated that "*CAFA's minimal-diversity requirement is satisfied because Fox [a natural person] is a citizen of Illinois*

13

*and Dakkota's members are citizens of Michigan and Canada*; the amount-in-controversy requirement is satisfied because the class seeks over $5 million in damages." *Id.* (emphasis added). That is, the Court of Appeals looked to the defendant LLC's members, not to its principal place of business and state of organization. However, the Seventh Circuit did not discuss section 1332(d)(10) – it went unmentioned.

The Seventh Circuit did the same thing in *Remijas v. Neiman Marcus Group, LLC*, 794 F.3d 688, 690–91 (7th Cir. 2015). It applied the traditional rule to determine an LLC's citizenship in a CAFA case without discussing section 1332(d)(10). When concluding that minimal diversity existed under the CAFA, the Court of Appeals noted that defendant "Neiman Marcus Group LLC, *once ownership is traced through several intermediary LLCs*, is owned by NM Mariposa Intermediate Holdings Inc., a Delaware corporation with its principal place of business in Texas." *Id.* at 691 (emphasis added). On that basis, the Seventh Circuit concluded that "[t]he district court's jurisdiction . . . was therefore proper under 28 U.S.C. § 1332(d)(2)." *Id.*

So, in both cases, the Court of Appeals determined the citizenship of an LLC *not* by looking at the state where the LLC has its principal place of business and under whose laws it is organized. Instead, the Seventh Circuit tracked down the citizenship of the LLC's members. It applied the traditional rule. But it did so without any discussion of section 1332(d)(10). In fact, the Seventh Circuit does not appear to have ever addressed section 1332(d)(10) in any reported decision.

Regardless, this Court will not read too much into the Seventh Circuit's silence on the issue. The Court does not assume that the Seventh Circuit's decisions applying the traditional rule mean that the Court of Appeals held that an LLC is *not* an unincorporated association

14

without saying so. And it is well established that "the existence of unaddressed jurisdictional defects has no precedential effect." *See Lewis v. Casey*, 518 U.S. 343, 352 n.2 (1996) (collecting cases).

Given the lack of contrary guidance from the Seventh Circuit, and given the weight of authority holding that section 1332(d)(10) applies to LLCs, this Court concludes that an LLC is an unincorporated association under section 1332(d)(10).

When it comes to diversity jurisdiction, courts use different equations to determine the citizenship of LLCs. It all depends on the type of case at issue. In the ordinary case, an LLC's citizenship is determined by the citizenship of each of its members. But in a CAFA case, an LLC's citizenship is determined by its state of organization and its principal place of business.

As things stand, an LLC is a bit of a jurisdictional platypus. It's an odd creature, and it seems to fall within a few different categories. In a non-CAFA case, an LLC is a citizen where its members are citizens. But in a CAFA case, an LLC is a citizen of its state of organization and the state where it has its principal place of business. Sometimes an LLC is like a corporation, and sometimes it isn't. It's a strange animal in the corporate kingdom.

It is an odd thing that the citizenship of an entity should depend on the type of case at issue. Under current law, a court cannot know the citizenship of an LLC without knowing what type of case it is. That's a strange thing, perhaps without parallel in the law. But at the end of the day, Congress sets the rules for defining citizenship, and Congress can use different measuring sticks in different cases if it wants.

Tying it all together, the Court concludes that it has diversity jurisdiction. Plaintiff Calchi is a citizen of New York. Defendant TopCo is a citizen of Delaware (where it is registered) and Illinois (where it has its principal place of business). There is diversity of

15

citizenship, and the amount in controversy exceeds $5 million. That's enough for diversity jurisdiction under the Class Action Fairness Act.

Date: June 7, 2023

Steven C. Seeger
United States District Judge

16